BARKDULL, Judge
(dissenting).
I respectfully dissent from the opinions authored by Judge Hendry and Judge Carroll.
The depreciation loss in the instant proceeding is attempted to be charged against the original defendant [or his successor thereto], who was the appellant in the prior proceedings, and this is not an action seeking to impose liability on a bond as was involved in the case relied on by Judge Hendry, to wit: Omaha Hotel Company v. Kountze, supra, nor was the action in tort as was Johnson v. James H. Price & Co., supra.
This court has clearly recognized that when a person’s interest [particularly securities] is tied up in appellate proceedings, he should be entitled to recover the depreciated value both from the original ob-ligor [or defendant] and his sureties. It is true that this case involved a surety on a bond but the opinion, by its very language, recognized that “the appellant * * and his sureties were certainly liable for the economic loss occasioned by the declining value in the market or the stock.” [emphasis added] Price v. Rome, supra.
I believe Judge Hendry correctly recognized that the supersedeas or stay in the instant matter was pursuant Rule 5.9, Florida Appellate Rules. Obviously, the security to support the stay was the impounding of the curator account and other assets which belonged to the original defendant. This opinion having recognized that the stay was granted pursuant to the above subsection, there being sufficient assets - under the control of the chancellor [distribution of which was abated pending the appeal] he should adjudicate the one-half of the net depreciation against the appellee’s one-half interest. Equity looks to the substance of a matter and not to the form.
In his special concurring opinion, Judge Carroll sets forth that the only way the plaintiff could have protected herself from a depreciation of assets would have been to require the defendant to post a super-sedeas bond. During the pendency of the action, the plaintiff had tied up substantial assets belonging to the defendant. At the time of the final judgment she was awarded one-half of all the assets owned by the parties. A substantial portion of the defendant’s one-half was already in a curator account. The defendant asked the trial court to stay the division of this account and other assets jointly belonging to the parties pending his prior appeal. This the trial court did, and when the original defendant lost the appeal it ill behooves an equity court to fail to place the parties in a proper status quo position in light of the depreciation of certain of the securities.
I would reverse and hold that the appel-lee, as successor in interest to the late Jack Green, was liable to the appellant for one-half of the net depreciation of all the assets set forth in the original final judgment.